

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 20, 1972

Mr. Eugene Russell
County Attorney
Burnet County
Burnet, Texas 78611

Opinion No. M- 1242

Re: Whether a water supply cor-
poration, created under
Article 1434a, Vernon's
Civil Statutes, establishes
a "drinking water supply for
public use" within the mean-
ing of Article 4477-1, Ver-
non's Civil Statutes, so as
to make it subject to Health
Department standards.

Dear Mr. Russell:

Your recent letter requested the opinion of this office
upon the following question:

"Is a water supply corporation, set up
under Article 1434a and supplying water for
its own members only, a 'person . . . corpor-
ation . . . etc.' establishing a 'drinking water
supply . . . for public use'. . . within the
language of A 4477-1 Sec. 12 and 13, so as to
make it subject to Health Department standards
or size of pipe, specifically?"

Section 12(a) of Article 4477-1, Vernon's Civil Statutes,
provides as follows:

"Every person, firm, corporation, public
or private, contemplating the establishment of
any drinking water supply or sewage disposal
system for public use shall, previous to con-
struction thereof, submit completed plans and
specifications therefor to the State Department
of Health and the said Department shall approve
same; provided said plans conform to the water
safety and streams pollution laws of this state.
The said water supply or sewage disposal system
shall be established only after approval has
been given by the State Department of Health."

-6084-

Section 13 describes various precautionary steps that must be taken to protect the quality of a public water supply.

We understand your query to be whether a water supply corporation organized under authority of Article 1434a, Vernon's Civil Statutes, is furnishing water for "public use" within the sense the term as used in Article 4477-1, Section 12(a), so as to bring the corporation's system under the jurisdiction of the State Department of Health. Your inquiry indicates that the corporation supplies water only to its own members.

We are of the opinion that the answer to your inquiry is properly in the affirmative, and that the corporation falls under the jurisdiction of the State Department of Health as provided in Article 4477-1.

Article 1434a reads as follows:

"Section 1.  On and after the passage of this Act, three or more persons who are citizens of the State of Texas, may form a corporation for the purpose of furnishing a water supply or sewer service, or both, to towns, cities, private corporations, individuals, and military camps and bases, and may provide in the charter of such corporation that no dividends shall ever be paid upon the stock and that all profits arising from the operation of such business shall be annually paid out to cities, towns, corporations, and other persons who have during the past year transacted business with such corporation, in direct proportion to the amount of business so transacted . . ."  (Emphasis added)

Our opinion is that the system described in your request is a system for public use. The system is available to all members of the corporation and it does not matter whether there are few or many members, so long as the water is available to all. Corporations contemplated under Article 1434a are quasi-public corporations, with a limited power of eminent domain, to operate on a non-profit basis, and are distinguishable from purely private corporations operating for private gain and with no responsibility to serve the public. See Atty.Gen.Op. No. O-3433 (1941). Such corporations are recognized in law as "public service corporations", which differ from private corporations and are subject to regulation and control by the state in matters as to which ordinary private corporations have freedom

of contract.    14 Tex.Jur.2d 120-121, Corporations, Section 8, and cases there cited.

In any event, Section 12(a) of Article 4477-1 applies regardless of whether the ownership is in a "person, firm, corporation, public or private."

In view of the foregoing, we have no doubt that the Legislature intended that water supplied by such a corporation is for public use and Section 12(a) of Article 4477-1, being a remedial statute to carry out the police power of the state in the field of public health, must be given a broad comprehensive construction to cover any individual or corporation whose water and sewage system is subject to use by members of the public. 53 Tex.Jur.2d 303-304, Statutes, Sec. 197.

Statutory health regulations in behalf of the public are subject to the test that the interests of the public generally, as distinguished from those of a particular class, require such state regulation, and that the means are reasonably necessary for the accomplishment of the purpose and not unduly oppressive on individuals.    39 Am.Jur. 356, Health, Sec. 20.

### S U M M A R Y

A corporation organized under Article 1434a, Vernon's Civil Statutes, to supply water to its members provides water for "public use" within the meaning of that term as used in Article 4477-1, Section 12(a), V.C.S., and is subject to the jurisdiction of the State Department of Health as provided in Article 4477-1, V.C.S.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

Mr. Eugene Russell, page 4          (M-1242)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bob Gauss
Lynn Taylor
Linward Shivers
Harriet Burke

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant